# In the United States Court of Federal Claims

Leopold Roman Brandenburg Sr.

Pro Se

     **Plaintiff(s),**

v.

THE UNITED STATES,

     **Defendant.**

Anthony Blinken, Secretary of State, U.S. Department of State

Case No. __24-1540 C__

Judge _____

## COMPLAINT

Your complaint must be clearly handwritten or typewritten, and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space, you may use another blank page. A fillable pdf is available at http://uscfc.uscourts.gov/filing-a-complaint.
If you intend to proceed without the prepayment of filing fees (*in forma pauperis* (IFP)), pursuant to 28 U.S.C. § 1915, you must file along with your complaint an application to proceed IFP.

1. **JURISDICTION.** State the grounds for filing this case in the United States Court of Federal Claims. The United States Court of Federal Claims has limited jurisdiction (*see* e.g., 28 U.S.C. §§ 1491-1509).

28 U.S.C. §§ 1491(a)(1)
The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Plaintiff is a former employee of the U.S. Department of State and his complaint is based on a waiver denial of civilian pay under 5 U.S.C. § 5584. Plaintiff was not at fault in creating the salary continuation and subsequent overpayment. Plaintiff did not act with lack of good faith, nor he committed fraud or misrepresentation of material facts. Plaintiff is asking for a court judgement in his favor under 5 U.S.C. §5584, waiving the salary over payment of $103.321,00 in full.

Received - USCFC

SEP 30 2024

A-5

## 2. PARTIES

Plaintiff, __Leopold Roman Brandenburg Sr., Pro Se__, resides at __3821 Environ Blvd., Apt. 501__
(Street Address)

__Lauderhill, FL 33319__, __443-800-4741__
(City, State, ZIP Code)         (Telephone Number)

If more than one plaintiff, provide the same information for each plaintiff below.

N/A

## 3. PREVIOUS LAWSUITS.
Have you begun other lawsuits in the United States Court of Federal Claims?   ☐ Yes  ☑ No

If yes, please list cases: _____

## 4. STATEMENT OF THE CLAIM.
State as briefly as possible the facts of your case. Describe how the United States is involved. You must state exactly what the United States did, or failed to do, that has caused you to initiate this legal action. Be as specific as possible and use additional paper as necessary.

I, Leopold R. Brandenburg Sr, Pro Se, Plaintiff in the above styled cause, is challenging the State Department's March 28, 2019 waiver denial decision on a salary continuation and subsequent over payment amounting to $103,321.00. The State Department alleged that Plaintiff was at fault in creating the above over payment, and that he acted with fraud, lack of good faith, or misrepresentation of material facts. Plaintiff emphatically denies the allegations. Plaintiff did not cause the over payment. Plaintiff was eligible for a waiver of the debt under 5 U.S.C. § 5584, as he was not at fault in creating the over payment, nor he acted with fraud, misrepresentation of material facts or lack of good faith. The State Department purposely continued the salary for exactly a year after separation, as a form of unofficial remedies and compensation for Plaintiff's unjust separation from his job and reassignment to lower grade. Moreover, Plaintiff was eligible for such waiver as collection of such debt is against equity and good conscience and not in the best interest of the United States. Plaintiff is an aged senior citizen and suffers from an incurable form of cancer. The State Department alleged that the salary continuation was due to an "administrative error". Evidence in file clearly demonstrates that such salary continuation was not an administrative error. The U.S. Ambassador to Mexico signed the separation cable instructing the State Department Bureau of Global Financial Services (BGFS) to only discontinue the post differential. That was no administrative error. Please see the attached continuation page 2. Extensive documentary evidence in support of this complaint will be forthcoming.

A-6

5. **RELIEF.** Briefly state exactly what you want the court to do for you.

Plaintiff is seeking a waiver of the entire overpaid amount, which is $103.321,00. This includes a reimbursement of any amounts already paid to the State Department via the Pay.gov website. Plaintiff would also like to have his name cleared of any wrongdoing.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 27 day of September, 2024.
    (day)         (month)        (year)

_[signature]_
Signature of Plaintiff(s)

# In the United States Court of Federal Claims

Leopold R. Brandenburg Sr., Pro Se

## Plaintiff(s),

v.

THE UNITED STATES,

Anthony Blinken, Secretary of State

U.S. Department of State

## Defendant.

### Statement of Claim – Continuation, Page 2

The salary continuation that led to the overpayment was implemented with full knowledge of State Department staff. The U.S. Ambassador to Mexico signed the cable instructing the Department's Bureau of Global Financial Services (BGFS) to discontinue the post differential only. It was assumed the salary would continue. The State Department alleged that the salary continuation was an administrative error. Plaintiff disagrees and the evidence in file proves it.

Moreover, no investigation was conducted at any Department level or component to determine how the salary continuation occurred. No employees were questioned or asked to provide explanations on the salary continuation. There were no requests for evidence; no documents produced. There were no subpoenas, no inquiries, nor any official investigation. The ranking Department official who signed Plaintiff's Form SF-50 (Notice of Personnel Action, Separation) did so on August 20, 2014, a year and a week after Plaintiff had left his job. When Plaintiff inquired as to the whereabouts of this official in an attempt to contact him and obtain information on the salary continuation, the Department stated that he's on assignment at some embassy abroad and cannot be reached for comment.

In February 2014, during the time frame of the salary over payment (08/03/2013 through 08/14/2014) the Department issued Plaintiff a "within grade" salary increase (from FS-2 Step 10 to an FS-2 Step 11). On April 2014, Plaintiff was issued a replacement U.S. Government Travel Card by the Department. A within grade increase is something that is not automatic; it requires hands on personnel processing. Was the above issuance also "administrative errors" as the Department claims?

Federal salary waivers are governed by 5 U.S.C. § 5584, which provides that an authorized official "may waive in whole or in part" "[a] claim of the United States against a person arising out of an erroneous payment of pay" when its collection "would be against equity and good conscience and not in the best interests of the United States." Plaintiff believes that his case exemplifies that collection would be against equity and good conscience and not in the best interest of the United States. The Department authorized the salary continuation on August 3, 2013, for an entire year; yet in March 2019, six years later, the Department finds the Plaintiff at fault. That's definitely a case against equity and good conscience.

In addition, Chapter Seven of the Treasury Debt Management System, Bureau of the Fiscal Service, allows for termination of collection action on a debt and states: "An agency should terminate active collection when one or more of the following criteria apply: The debtor's age including disability status." Plaintiff believes he meets such criteria based on his advanced age and disability/illness.

Plaintiff is seeking relief in the form of a full waiver of the overpaid amount for $103.321, including reimbursement of any and all amounts already paid to the State Department.

_/s/ Brandenburg_
Signature of Plaintiff